IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                                                             CIV 00-1782 JP/KBM
                                                                                              CR 97-227 JP

ROQUE DIAZ,

    Defendant-Movant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

    This matter is before the Court on the motion of Roque Diaz to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed December 18, 2000, which raises three claims. *Doc. 1*. He also filed a motion for appointment of counsel. *Doc. 3*. Having considered the arguments, pleadings and relevant law, I recommend that the motions be denied and this action dismissed.

    The issues are straightforward and the pleadings submitted by both parties are well-written[1] and researched. I will not reiterate in detail what the parties have presented and instead will confine my remarks to set forth my reasoning. Because it is possible to resolve the issues on the pleadings, I find that an evidentiary hearing is not necessary. *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 121 S. Ct. 93 (2000); Rule 8(a), *Rules Governing*

---

[1] His motion is type-written and appears to have been written by an attorney. Plaintiff, however, has not raised any issue in this regard. *See Duran v. Carris,* 238 F.3d 1268 (10th Cir. 2001).

*Habeas Corpus Under Section 2255.*

Defendant's conviction and sentence was affirmed on appeal. *United States v. Diaz,* 189 F.3d 1239 (10th Cir. 1999), *cert. denied,* 120 S. Ct. 1448 (3/20/2000). Movant first claims that his sentence is infirm under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000) because the quantity of drugs was not determined by the jury. Assuming *Apprendi* applies retroactively,[2] this claim is without merit.

*Apprendi* holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime **beyond the prescribed statutory maximum** must be submitted to a jury, and proved beyond a reasonable doubt." *Id.*, 530 U.S. at ___, 120 S. Ct. at 2362-63 (emphasis added). Subsequently in *United States v. Jones,* 235 F.3d 1231, 1235 (10th Cir. 2000), the United States Court of Appeals for the Tenth Circuit held that to enhance the sentence, drug quantity must be included in the indictment. The indictment here specified both the quantity and the applicable sentencing provision.

Diaz was specifically indicted for one count of attempting to possess with intent to distribute "500 grams or more of a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B)." *CR 97-227, Doc. 8.* The applicable sentencing provision in this case, § 841(b)(1)(B),[3] carries a maximum penalty of forty years. If

---

[2] *Apprendi* was decided on June 26, 2000, three months after Defendant's conviction became final, and it is unsettled whether the decision applies retroactively to initial petitions for habeas relief. *E.g., Browning v. United States,* ___ F.3d ___, 2001 WL 202041 (10th Cir. 3/1/01); *United States v. Smith,* CIV 99-1210 JP/KBM (Docs. 16 and 19).

[3] At sentencing, the government contended that the quantity at issue was five kilograms, which would have qualified for sentencing under § 841(b)(1)(A), or a mandatory minimum of twenty years imprisonment and ten years supervised release. The sentencing judge, however, found the applicable amount was two kilograms. *See Diaz,* 189 F.3d at 1250 ("the sentencing

however, as here, a defendant has a prior felony conviction, the maximum term of incarceration is life.  The Court imposed the mandatory minimums – ten years imprisonment and eight years supervised release.  Because Defendant's sentence of incarceration and supervised release falls within the applicable statutory maximums (as well as the statutory maximums for unspecified quantities of drugs under § 841(b)(1)(C)), accordingly there is no *Apprendi* violation.  *E.g., United States v. Heckard,* 238 F.3d 1222 (10th Cir. 2001); *United States v. Jones,* 235 F.3d 1231 (10th Cir. 2000); *United States v. Hishaw,* 235 F.3d 565 (10th Cir. 2000).

Defendant's last two claims are based on allegations of ineffective assistance of counsel.  Diaz contends that counsel's failure to give timely notice of a defense psychologist, resulting in exclusion of his testimony concerning diminished capacity for an entrapment defense, deprived Defendant of a fair trial.  Defendant also argues that counsel was ineffective because she failed to argue that reassignment of different judges to his case amounted to "structural" error for a due process violation.

On direct appeal, the Tenth Circuit reviewed the trial court's denial of a continuance in light of the psychologist's proffered testimony.  The panel found that a continuance would not have accomplished the purpose Defendant desired because the psychologist's proffered testimony, though relevant, "did not speak clearly to Mr. Diaz's susceptibility" and "is not strong or conclusive of culpability-negating mental capacity."  Thus, a "continuance would not necessarily have materially aided Mr. Diaz."  *Diaz,* 189 F.3d at 1248.

The Tenth Circuit also held that this District's assignment procedure is neither

---

judge carefully reviewed the materials before the court, in fact partially agreeing with Mr. Diaz and rejecting the government's argument the proper sentencing amount was five kilograms, instead adopting his argument that the proper amount was only two kilograms").

"constitutionally impermissible [nor] affected the fairness of the proceeding in any way." Thus, no due process violation was found. *Id.* at 1244-1245.

Because the merits of both of the issues underlying the ineffectiveness claims were rejected by the Tenth Circuit on direct appeal, Defendant cannot establish the "prejudice" prong of the *Strickland v. Washington,* 466 U.S. 668 (1984) analysis. That basis alone is grounds to reject the claims. *Moore v. Gibson,* 195 F.3d 1152, 1178 (10th Cir. 1999), *cert. denied,* 120 S. Ct. 2206 (2000) ("prejudice" – absent counsel's errors, there is a "reasonable probability" that the outcome of the trial would have been different); *see also Scoggin v. Kaiser,* 186 F.3d 1203, 1207 (10th Cir.), *cert. denied,* 528 U.S. 953 (1999) (ineffective assistance of counsel claim fails if either of the *Strickland* prongs are not met; it is entirely appropriate to analyze the prejudice prong first and exclusively, if that is the easier course); *Foster v. Ward,* 182 F.3d 1177, 1185 (10th Cir. 1999) ("reasonable probability" means that confidence in the outcome is undermined), *cert. denied,* 529 U.S. 1027 (2000).

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** Defendant's motions *(Docs. 1, 3)* be denied and this action dismissed with prejudice.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES MAGISTRATE JUDGE